# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28 (4) (c), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS AUTHORITY IN ANY OTHER CASE IN ANY COURT OF THIS STATE.

RENDERED: AUGUST 24, 2006
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2005-SC-0760-MR

EMOISHA L. DUNCAN          APPELLANT

V.        APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE SHEILA ISAAC, JUDGE
2004-CR-0245-001 & 2005-CR-0663

COMMONWEALTH OF KENTUCKY          APPELLEE

**MEMORANDUM OPINION OF THE COURT**

<u>AFFIRMING</u>

This appeal is from a conditional guilty plea entered by Duncan to one count of second degree robbery, one count of first degree wanton endangerment, one count of possession of a handgun by a convicted felon, one count of first degree fleeing or evading police and of being a persistent felony offender in the first degree. He was sentenced to 27 years in the penitentiary.

The single issue on appeal is whether the trial judge improperly refused to suppress Duncan's admissions in a statement to the police.

Duncan was in custody on an unrelated charge as was the co-defendant in this case, Johnson. Duncan had appointed counsel representing him in regards to the

unrelated charge. Johnson was interviewed by the police and implicated Duncan in the matter that resulted in the current charges.

A detective then went to speak to Duncan. Duncan was advised of his Miranda rights. Duncan testified at the suppression hearing that he immediately invoked his right to silence and did not want to talk to the detective. The testimony from the detective was that Duncan stated he first wanted to talk to Johnson but that then he would talk to the detective about the robbery in question.

The detective set up a brief meeting between Duncan and Johnson. Duncan was never told that Johnson had previously implicated him in the robbery. Duncan testified that after the meeting, he immediately asked to see his lawyer. The detective testified that he again advised Duncan of his Miranda rights and that Duncan never requested an attorney. After the meeting with Johnson, Duncan discussed the robbery with the detective and admitted to the crime. The interview was brief and started at 2:40 p.m.

Coincidentally, Duncan's attorney for the other pending charges signed into the jail at 2:44 p.m. to see Duncan. He was informed that Duncan had been taken to the police headquarters. The attorney called the police and informed them they were not to speak to Duncan. By the time the message was given to the detective, the interview had concluded and Duncan had already confessed.

The trial judge heard the testimony and overruled the motion to suppress. He found that Duncan had been provided his Miranda warnings, the police had no obligation to contact Duncan's attorney because he had been appointed on unrelated charges and that it was not improper for the police to remove Duncan from the jail and bring him to the police headquarters for the interview.

2

Duncan entered a conditional guilty plea to the charges and was granted the right to appeal the failure of the trial judge to suppress the statement of confession. This appeal followed. After a complete review of the issues and evidence, we do not find any error and affirm the decision of the trial judge and the convictions and sentence.

## I. Sixth Amendment Right To Counsel

Duncan argues that because he was represented on other charges, his right to counsel attached to any new charges. He was not charged with the matters involved in the current case until after the confession. The right to counsel cannot be invoked once and relied on for any and all future prosecutions. McNeil v. Wisconsin, 501 U.S. 171, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991). The right does not attach until a prosecution is started. See McNeil, supra. Duncan's argument is without merit. The trial judge properly denied the motion to suppress the statement by Duncan.

## I. Waiver Of Fifth Amendment Rights

Duncan was provided the required Miranda warnings twice and before any interrogation began. There is nothing in the record to indicate his waiver was not voluntary, knowing and intelligently made. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The trial judge heard the conflicting testimony and reached a decision based on the evidence. We will not overturn that decision absent clear error. See Ornelas v. United States, 517 U.S. 690, 116 S.Ct 1657, 134 L.Ed.2d 911 (1996). There was no error.

## III. Fourteenth Amendment Due Process Right

There was nothing in the record to indicate Duncan's confession was the result of coercive police activity. Most of the interview was tape recorded. Duncan even now

3

argues that the only coercion was the fact that he refused to cooperate with the detective until he was granted the opportunity to talk to the co-defendant. The fact that the detective fulfilled this condition did not make the confession coerced. There was no indication of any violence or deliberate means calculated to break Duncan's will and force a confession. See Mills v. Commonwealth, 996 S.W.2d 473 (Ky. 1999). There was no error.

### IV. Appointment Of Counsel On Unrelated Charges And Police Questioning

The police did not act improperly when they questioned Duncan about the robbery and related charges. The right to counsel is charge specific and had not attached. See McNeil, supra. The questioning by police regarding the uncharged offenses was not improper. See Lineham v. Commonwealth, 878 S.W.2d 8 (1994). Evidence collected from a defendant's statement may be used against that defendant even if counsel has been appointed for another unrelated crime. There was no error. There was no valid reason to suppress the statements.

The trial judge did not err when she refused to suppress the inculpatory statements made by Duncan to police. Duncan was not denied any state or federal right to due process.

The judgment and sentence is affirmed in all aspects.

All concur.

4

COUNSEL FOR APPELLANT:

Shannon Dupree
Assistant Public Advocate
Department of Public Advocacy
100 Fair Oaks Lane – Suite 301
Frankfort, KY 40601


COUNSEL FOR APPELLEE:

Gregory D. Stumbo
Attorney General

Courtney J. Hightower
Assistant Attorney General
Criminal Appellate Division
1024 Capital Center Drive
Frankfort, KY 40601